# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Aaron Woodson, | ) | CASE NO. 1:21 CV 1494 |
| | ) | |
| Petitioner, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | Order of Dismissal |
| Warden Richard A. Bowen, Jr., | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Aaron Woodson, a state inmate confined at the Ohio State Penitentiary ("OSP") filed this *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, to challenge his 2009 conviction in Cuyahoga County for aggravated murder and carrying a concealed weapon. (Doc. No. 1.) He is currently serving a sentence of life without the possibility of parole. In his Petition, he asserts four grounds for relief: (1) the trial court erred by using an element of the offense to justify finding the offense was more serious for sentencing purposes; (2) the trial court erred by failing to consider the purpose and principles of felony sentencing set forth in R.C. 2929.11 on record, and failed to satisfy the necessary on imposing the maximum sentence; (3) the trial court deprived Woodson of his constitutional right to a public trial in violation of the Sixth Amendment of the United States Constitution and section 10 of Article 1 of the Ohio Constitution, when the trial judge closed the trial to the public; (4) the trial court deprived Woodson of his constitutional right to due

1

process in violation of the Sixth Amendment of the United States Constitution as consequence of ineffective assistance of trial counsel for failing to object to courtroom closure and ineffective assistance of appellant counsel for failing to raise issues on direct appeal. He asks the Court to vacate his conviction and order the state to conduct a new trial.

This is Petitioner's second Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2009 conviction in Cuyahoga County for aggravated murder and carrying a concealed weapon. In his first Petition, filed in this District Court in 2019, he asserted:

> **GROUND ONE:** Motion for leave to file a motion for new trial based on newly discovered evidence beyond the 120-day deadline.
>
> **GROUND TWO:** Motion for new trial based on newly discovered evidence from a recantation provided by an affidavit from a trial witness.
>
> **GROUND THREE:** The trial court erred when denying appellant's *pro se* motion seeking leave to file a motion for new trial based on newly discovered evidence without conducting an evidentiary hearing to determine the merits of appellant's claim and stating its finding of facts in its said journal entry.
>
> **GROUND FOUR:** The trial court abused its discretion when denying appellant's *pro se* motion seeking leave to file a motion for new trial based on newly discovered evidence without first holding an evidentiary hearing to determine the said case on its merits, when credible evidence was presented to support the granting of leave to file for new trial.

*See Woodson v. State of Ohio*, 1:19 CV 339 (N.D. Ohio filed Feb. 14, 2019) (Polster, J.). (Doc. No. 1, at PageID# 17-20). The Respondent filed a Return of Writ. That case is still pending. Petitioner has now filed this Petition asserting entirely new claims.

If the first Petition had been decided on the merits, this Petition would be successive. S*ee Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). The District Court does not have

2

jurisdiction to entertain a successive Petition for a Writ of Habeas Corpus in the absence of an Order from the Court of Appeals authorizing the filing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The prior Petition is still pending and therefore this Petition is not technically successive. Nevertheless, this Court cannot entertain two separate habeas Petitions filed by the same Petitioner challenging the same conviction. 28 U.S.C. § 2244(b)(3)(A). As Petitioner already has a pending habeas Petition, his remedy to add claims is to seek permission in that action to file an Amended Petition. Petitioner cannot file multiple Habeas Petitions, asserting new grounds in each Petition.

**Conclusion**

Accordingly, this Petition is dismissed without prejudice in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

**IT IS SO ORDERED**.

Date: November 30, 2021

 s/*Pamela A. Barker*
 PAMELA A. BARKER
 U. S. DISTRICT JUDGE